IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Ralph Shambaugh,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:07cv1275 (LO/TCB) |
| | ) | |
| **Gene Johnson,** | ) | |
| Respondent. | ) | |

FILED
SEP 2 9 2008
CLERK, U S DISTRICT COURT
ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Ralph Shambaugh, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the punishment he received following a disciplinary hearing held at the Coffeewood Correctional Center ("CWCC"). Shambaugh raises three claims in his petition, alleging that: (1) he was denied due process of law because prison officials failed to meet the minimum evidentiary threshold necessary to find him guilty of the charged offense; (2) he was denied due process of law because of a failure to disclose exculpatory evidence; and (3) the Fairfax Circuit Court erred when it failed to hold an evidentiary hearing despite the fact that the evidence was "clearly in dispute." Respondent filed a Rule 5 Answer and a Motion to Dismiss on April 8, 2008. Petitioner was given the opportunity to file responsive materials, pursuant to Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner filed a response captioned as a Motion to Deny Respondent's Motion to Dismiss, which this Court will construe as petitioner's Opposition to Respondent's Motion to Dismiss. For the reasons that follow, respondent's Motion will be granted, and petitioner's claims will be dismissed.

### I. Background

Petitioner was convicted in the Circuit Court for the County of Fairfax, Virginia as an

accessory before the fact to commit murder and for conspiracy to commit murder. He was sentenced on March 7, 1995, to thirty-five years in prison for the accessory charge, and eighteen years in prison for the conspiracy charge, to be served concurrently. At the time of the incident that led to his claim, petitioner was housed at the Coffeewood Correctional Center, and had an anticipated mandatory parole release date of June 26, 2011. His good conduct allowance ("GCA") classification was a level I, meaning that for every thirty days of good behavior he earned thirty days of credit against his sentence.

On July 21, 2005, petitioner was instructed to report to the Special Housing Unit for a drug screening. Petitioner was ordered to complete a urine test, which came back positive for tetrahydrocannabinol ("THC"), or marijuana. The officer administering the test confirmed the results with another officer, and contacted the medical department at CWCC to confirm that petitioner was not on any medication that would cause a positive result. Petitioner was subsequently charged with being under the influence of drugs, and after refusing a penalty offer, was served with a notice of the upcoming hearing on July 22, 2005. On July 25, 2008, petitioner submitted a Witness Request Form, alleging that Officer Washington would testify that he had looked at the test cup, that the results were negative, and that the cup had been misread by the officer who administered the test. Petitioner's request was refused on July 26, 2008, because he failed to make his request within forty-eight hours of service of the charge.

Petitioner's disciplinary hearing was held on July 28, 2005. At the hearing, petitioner read a three-page statement, explaining his version of the incident and alleging that protocol was not followed. The administering officer testified that he had, in fact, followed the proper procedures for testing petitioner. The presiding officer found petitioner guilty, and petitioner was sentenced to

thirty days in isolation, referred to the Institutional Classification Authority ("ICA") for review, and his visitation was terminated for a period of six months. After his ICA review, petitioner's CGA classification was downgraded to a level IV, meaning that he would earn no good time credit for the remainder of his time in prison, unless he was re-classified at a later date. As a result, petitioner's anticipated mandatory parole release date was pushed back to June 3, 2017.

After his disciplinary hearing, petitioner filed an internal appeal to the Warden of CWCC. This appeal was denied by the Warden, who found no procedural error and no "justifiable reason" to modify or disapprove the determination of guilt. Petitioner then appealed that decision to the regional director of the Virginia Department of Corrections. In that appeal, he also raised a new claim, alleging that his test cup was taken from a box of defective test cups. The regional director also upheld petitioner's charge, and informed petitioner that even if petitioner had raised this new claim in his previous appeal, his contention would be "unfounded." Petitioner subsequently filed a petition for a writ of habeas corpus in the Circuit Court for the County of Fairfax, Virginia on March 1, 2006, which was dismissed on January 30, 2007. Petitioner appealed that decision to the Supreme Court of Virginia, which found no error in the circuit court's judgment and refused the petition for appeal on October 25, 2007. Petitioner filed the instant petition on December 19, 2007.

## II. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an

independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This standard of reasonableness is an objective one. Id. at 410.

### III. Merits

Claim 1: Denial of Due Process - Failure to Prove Guilt by "Some Evidence"

In Claim 1, petitioner alleges that he was denied due process of law because of a failure to present at least "some evidence" at his disciplinary hearing sufficient to find him guilty of the charged offense. In the same claim, petitioner argues that the procedures required for administering a drug test were not followed. However, on the record it is clear that petitioner was afforded sufficient due process, and this claim will be dismissed.

When an inmate is faced with the loss of earned good time credits, the inmate's right to federal due process requires only that he receive: (1) advance written notice of the charge against him; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). In determining whether or not a petitioner has been afforded the minimum requirements of due process when his good time credits

are taken away, a court must decide that "the findings of the prison disciplinary board are supported by some evidence in the record." Superintendent, Mass. Correctional Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985).

In petitioner's case, the requirements of due process were met, and the determination by the circuit court that there was "some evidence" to support the findings of the disciplinary board is not contrary to or an unreasonable application of federal law. As recognized by the circuit court in its review of petitioner's claims,[1] and as supported by the record, petitioner was given prompt, advance written notice of his hearing once he declined the penalty offer. The notice informed him of the date and time of the hearing, as well as the charge he was facing. Mem. in Supp. of Respt's Mot. to Dismiss, Ex. A, #2. At the hearing, petitioner had the opportunity to present his version of the events that took place, and he read from a three-page handwritten statement detailing his account of the drug test. Id. at #2-3. Additionally, petitioner had the opportunity to present witnesses by filling out a Witness Request Form. Petitioner did submit a witness request, but it was denied due to his own failure to request the witness within forty-eight hours of service of the charge to the inmate hearings officer ("IHO"), which the IHO made clear to him at the disciplinary hearing. Id. at #2. Furthermore, petitioner was provided with a Disciplinary Offense Report, which detailed the reasons behind the IHO's finding of guilt and what petitioner's penalty would be. Id.

Petitioner's claim that there was a failure to present at least "some evidence" regarding his guilt is also without merit. The IHO found, and the circuit court agreed, that based on the positive

---

[1] Although petitioner appealed the circuit court's decision to the Supreme Court of Virginia, the Supreme Court did not rule on the merits. However, the reasoning of the state habeas court is imputed to the Supreme Court of Virginia, which refused the petition for appeal. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

results of the drug test, the statement of the officer who had conducted the test, and petitioner's own statement, there was sufficient evidence to find petitioner guilty. Mem. in Supp. of Respt's Mot. to Dismiss, Ex. A, #2; Shambaugh v. Johnson, CL-2006-2853, *5-7 (Va. Cir. Ct. Jan. 30, 2007) (opinion letter). The officer who administered the test stated that he followed all procedures for doing so, and petitioner himself acknowledged in his written statement that the procedures were followed. Mem. in Supp. of Respt's Mot. to Dismiss, Ex. A, #2-3. Thus, based on the record, there was at minimum some evidence to support the IHO's finding of guilt at petitioner's disciplinary hearing, and the circuit court's denial of habeas corpus relief was not contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. Therefore, petitioner's first claim will be dismissed.

Claim 2: Denial of Due Process - Failure to Disclose Material, Exculpatory Evidence

In his second claim, petitioner argues that he was denied due process of law when prison officials failed to disclose material, exculpatory evidence. Petitioner claims that (a) the test cup used to collect the specimen for the drug test came from a defective batch; (b) the hearing officer improperly refused his request to have a witness present at the hearing who would testify that the results of the drug test were negative; and (c) the "established and mandated protocol" for obtaining test results was not followed.

When an inmate is facing disciplinary proceedings, he is allowed "to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff, 418 U.S. at 566. As noted, petitioner had the opportunity to call witnesses, but he failed to present his Witness Request Form within forty-eight hours of being served with his notice of the hearing. He received his notice on July 22, 2005

at 9:52 a.m., and he submitted his witness request on July 25, 2005. The IHO denied his request on this basis, and informed petitioner of that denial and the reasons for it at the hearing. Mem. in Supp. of Respt's Mot. to Dismiss, Ex. A, #2. In addition, petitioner's claim that proper procedures for obtaining test results were not followed is defeated by his own statements at his disciplinary hearing, which were in accord with the statement made by the officer administering the drug test. Petitioner acknowledged that he was placed in a sanitary location, the officer properly labeled the specimen cup, both petitioner and the officer wore latex gloves to prevent contamination, the officer observed petitioner producing the specimen, and the officer sealed the test cup before obtaining the results. Mem. in Supp. of Respt's Mot. to Dismiss, Ex. A, #2.

Finally, petitioner argues that the cup used to test his urine came from a defective batch of test cups. This argument was only raised by petitioner on appeal to the regional director, and therefore is not exhausted or properly before this Court in his petition for habeas corpus. However, even if petitioner had properly presented this claim, it too must fail. Petitioner presents nothing more than unfounded allegations that such a box of defective cups even existed, and that his cup came from that specific box. This is insufficient to warrant granting petitioner relief on this allegation, and petitioner's second claim will be dismissed.

Claim 3: The Fairfax Circuit Court Erred When It Failed to Hold an Evidentiary Hearing

In his third claim, petitioner argues that he was, and remains, entitled to an evidentiary hearing on his petition in order to determine various factual issues allegedly in dispute. These issues include: (a) whether the drug test was properly performed; (b) whether the test cup came from a box of defective cups; (c) whether the sergeant who tested petitioner knew the cup came from a box that contained defective cups; (d) whether certain officers were prohibited from testifying and providing

exculpatory evidence; and (e) whether petitioner was denied exculpatory evidence and due process of law when prison officials failed to send his test to a certified lab for confirmation.

To the extent that petitioner is claiming that the lower court erred in its decision not to grant him an evidentiary hearing, petitioner has failed to state a claim that is cognizable on habeas corpus review. Petitioner has not alleged, nor does he have, any constitutional entitlement to an evidentiary hearing. The circuit court aptly stated the law in Virginia as it applies to petitioner's claim:

> Under Virginia law, if the allegations of immunity surrounding a petitioner's detention can be fully determined on the basis of recorded matters, a habeas court may rule on the petition based solely upon the record. Va. Code Ann. § 8.01-654(B)(4); Yeat[t]s v. Murray, 249 Va. 285, 289, 455 S.E.2d 18, 21 (1995). For a writ of habeas corpus to be granted, the petitioner must allege facts which establish "probable cause to believe that he is detained without lawful authority." Va. Code Ann. § 8.01-654(A). In determining whether probable cause exists, Virginia courts have discretion in deciding when to grant an evidentiary hearing. Va. Code § 8.01-654(B)(4); Yeatts, 249 Va. at 290. . . .
>
> Where the "records of petitioner's criminal trials contain matters sufficient to refute the essential factual allegations of his habeas corpus petition," no evidentiary hearing is required. Arey v. Peyton, 209 Va. 370, 372, 164 S.E.2d 691, 693 (1968). . . . Accordingly, if after full consideration of: (1) the factual allegations set out in a petition for a writ of habeas corpus and all reasonable inferences which flow therefrom; (2) the record of the underlying disciplinary hearing; (3) any affidavits submitted by the parties, a court determines that reasonable minds could not differ as to whether the habeas petitioner is entitled to relief, then no plenary hearing should be heard.

Shambaugh, CL-2006-2853, *4-5. After reviewing the record and petitioner's claims, the circuit court declined to hold an evidentiary hearing, finding it was not necessary for resolution of petitioner's claims. Such a determination was within the circuit court's discretion.

In addition, to the extent that petitioner is claiming entitlement to an evidentiary hearing in this Court, petitioner has failed to satisfy the threshold requirements to warrant such relief. "Where, as here, a petitioner has not 'alleged additional facts that, if true, would entitle him to relief,' a

hearing is unwarranted." <u>Lenz v. Washington</u>, 444 F.3d 295, 304 (4th Cir. 2006). Therefore, this Court expressly declines to order such a hearing.

### IV. Conclusion

For the reasons stated above, petitioner's claims will be dismissed, and no evidentiary hearing will be ordered. An appropriate Order shall issue.

Entered this 29th day of September 2008.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge